UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: | Case No. 14-07970 |
| DAVID W. CHARRON | Chapter 7 |
| Debtor. | Honorable James W. Boyd |
| | |
| GLENN S. MORRIS and THE GLENN S. MORRIS TRUST, | Adversary Proceeding No. 15-80086-JWB |
| Plaintiffs, | |
| v | |
| DAVID W. CHARRON, | |
| Defendant. | |

**DEFENDANT/DEBTOR DAVID W. CHARRON'S RESPONSE TO PLAINTIFFS' RESPONSE TO DEBTORS MOTION FOR SUMMARY JUDGMENT**

David W. Charron (the "Debtor"), by and through his counsel, Dunn, Schouten & Snoap, P.C., hereby states its response to Plaintiffs Glenn S. Morris and The Glenn S. Morris Trust (collectively the "Plaintiffs") Response to the Debtor's Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 7.2©, as follows:

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

COMMENT ON UNDISPUTED MATERIAL FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

# TABLE OF AUTHORITIES

*Cases*

*Cohen v. de la Cruz*, 523 US. 213 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Davis v. Detroit Financial Review Team*, 296 Mich App 568 (2012).. . . . . . . . . . . . . . . . . . . . . 3

*Grogan v. Garner*, 498 US 279, 287; 111 S. Ct. 654 (1991).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*In re Behn*, 242 B.R. 229 (NY 1999).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Braun, 327 B. R. 447* (Bankr. N.D. Cal 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Bradley Estate*, 494 Mich 367, 395; 835 NW2d 545 (2013) . . . . . . . . . . . . . . . . . . . . . . . 3

*Cohen v. de la Cruz*, 523 US. 213 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In Re Kimzey*, 761 F.2d 421, 424 (7th Cir.1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*In re Markowitz*, 190 F 3d 455 (6th Cir 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Musilli*, 2010 WL 2222806 (6th Cir 2010).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Nicodemus*, 497 B. R. 852, 857-858 (2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*In re Peckham* 442 B.R. 62 (Mass 2010).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Contempt of United Stationers Supply Co.*, 239 Mich App, 501; 608 NW2d 105 (2000). . . 3

*In re Suarez*, 400 B.R. 732 (B.A.P. 9th Cir 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Kawaauhau v Geiger*, 523 U.S. 57, 61; 118 S.Ct. 974 (1998). . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Statutes*

11 U.S.C. § 523(a).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

11 U.S.C. § 523(a)(6).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 5

11 U.S.C. § 523(a)(7).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

MCL 600.1721.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

MCL 600.6304. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Court Rules**

Federal Rule of Civil Procedure 56 (e)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Comment on Undisputed Material Facts**

The Plaintiffs do not dispute the Debtor's statement of undisputed material facts, nor identify any admissible evidence to rebut the statements made by the Debtor. The Debtor's statement of material facts should be deemed admitted under Federal Rule of Civil Procedure 56(e)(2). The following allegations in the Plaintiffs' Response ("Response") to the Debtor's Motion for Summary Judgment ("MSJ") are factually unsupported, contrary to the record of the case, and contrary to the holdings of the state trial court and the Michigan Court of Appeals (collectively the "State Courts"):

1. The Debtor intended to cause injury to the Plaintiffs (Response, p. 2);

2. The Michigan Courts determined the Debtor acted willfully and maliciously to cause injury to the Plaintiffs (Response, p. 4); and

3. The judgment against the Debtor (the "Award") represented an award of damages for injury and property damage to the Plaintiffs (Response, p. 4).

**Argument**

Exceptions to a discharge under 11 U.S.C. § 523(a) are narrowly construed in favor of debtors in order to promote the Bankruptcy Code's policy of providing the debtors with a fresh start. *In re Nicodemus*, 497 B. R. 852, 857-858 (2013). In order for a claim to be non-dischargeable, a claimant must prove by a preponderance of the evidence that their claim fits squarely within one of the exceptions identified in the statute. *Grogan v. Garner*, 498 US 279, 287; 111 S. Ct. 654 (1991). The Plaintiffs admit that the statute does not make contempt sanctions nondischargeable *per se*. Rather, a contempt sanction such as the Award must be analyzed under the three element test that applies to all claims under 11 U.S.C. § 523(a)(6): the Debtor's actions must be (1) willful, (2) malicious, and (3) result in an injury to another entity or the property of another entity. *Kawaauhau v. Geiger*, 523 U.S. 57, 61; 118 S.Ct. 974 (1998); *In Re Kimzey*, 761 F.2d 421, 424 (7th Cir.1985).

The words "willful" and "malicious" modify the word "injury," meaning the Plaintiffs must prove an intentional injury, not merely an intentional act that leads to an injury. *Id.* The absence of one of the three elements creates a dischargeable debt.

Plaintiffs' Complaint Objecting to Discharge ("the "Complaint") alleges:

"93.   [The Plaintiffs'] security interest in MSG's stock constitutes a property interest.

94.   [The Debtor] thus willfully and maliciously caused injury to [the Plaintiffs'] property.
****
96.   Because [the Debtor] willfully and maliciously caused injury to [the Plaintiffs'] property, [the Debtor] is not entitled to a discharge pursuant to 11 U.S.C. § 523(a)(6)." (*See* Complaint, p. 10-11)(Emphasis added).

Applying the *Geiger* standards to this action, Plaintiffs must prove the Award is a debt which resulted from the Debtor's willful and malicious injury to the Plaintiffs' security interest in the stock of MSG. *Id.*[1]

The insurmountable problem for Plaintiffs is that the third necessary proof element of *Geiger* is missing due to the uncontested fact that the State Courts held the Debtor was not responsible for causing injury to Plaintiffs' security interest in MSG stock. The courts did this first in the Plaintiffs' 2009 Action which was dismissed and affirmed on appeal. The courts did this again in the Contempt Action which resulted in the debt in this action. In both cases the State Courts held "other entities" responsible for the Plaintiffs' injury. The trial court went to extraordinary lengths to contrast the treatment of such parties from the Debtor.

The trial court used MCL 600.1721, the Michigan statute authorizing courts to indemnify

---

[1] The Debtor's MSJ involves the complete absence of the injury element. The Debtor disputes the other elements as well; however, to avoid factual disputes in this motion, it is relying solely on the fact that the Award does not represent a debt for injury to the Plaintiffs or their property.

2

complainants in a contempt action, to compensate Plaintiffs "for loss of value to MSG from the entities that dispossessed the Plaintiffs of that value" ---- the business entities Charron & Hanisch, PLC and MSG.   MCL 600.1721 provides :

> "If the alleged misconduct has caused an actual loss or injury to any person the court shall order the defendant to pay such person a sufficient sum to indemnify him, in addition to the other penalties which are imposed upon the defendant.  The payment and acceptance of this sum is an absolute bar to any action by the aggrieved party to recover damages for the loss or injury."

"Plainly, the first sentence of MCL 600.1721 contemplates what is, in essence, a tort suit for money damages." *In re Bradley Estate*, 494 Mich 367, 395; 835 NW2d 545 (2013).

In contrast, the trial court awarded attorneys fees and costs against the Debtor under the holding of *Davis v. Detroit Financial Review Team*, 296 Mich App 568 (2012), a case which allows fees and costs to be awarded against a contemnor as a penalty (*See* MSJ, p. 6, ¶ H).   In connection with the Award, the Court of Appeals ("COA") quoted *Davis*, 296 Mich App at 625, citing *In re Contempt of United Stationers Supply Co.*, 239 Mich App, 501; 608 NW2d 105 (2000), for the proposition: "A finding of willful disobedience of a court order is not necessary for a finding of civil contempt." (COA Opinion,5/29/14, p 7). The nature of the Award as a penalty became unambiguously clear after the Debtor asked the State Courts to apportion the Award under MCL 600.6304 among other responsible parties.[2]   The State Courts refused to do so on the basis that the

---

[2]MCL 600.6304 reads, in relevant part: "(1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death involving fault of more than 1 person, including third-party defendants and nonparties, the court, unless otherwise agreed by all parties to the action, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings indicating both of the following:
(a) The total amount of each plaintiff's damages.
(b) The percentage of the total fault of all persons that contributed to the death or injury, including each plaintiff and each person released from liability under section 2925d, regardless of whether the person was or could have been named as a party to the action.

Award did not represent compensation for "personal injury" or "property damage" to the Plaintiffs (*See* MSJ, p. 8, ¶ K).   The COA said the action against the Debtor was not a "contempt action premised in tort liability[,]" but rather an action "involving the trial court's inherent power" to award fees and costs for a party's violation of a court order *(See* MSJ, p. 7-8, ¶ L).

"Personal injury" or "property damage" resulting from a debtor's conduct are a prerequisite for a claim under 11 USC 523(a)(6).  That is due to the fact that "a judgment debt cannot be exempt from discharge in bankruptcy unless it is based on what the law has for generations called an intentional tort, a legal category that is based on "the consequences of the act rather than the act itself."  *Kawaachau v. Geiger*, 523 US 57; 118 S Ct 874 (1998).[3]   Intentional torts always involve "an injury to another entity or the property of another entity."   Civil contempt sanctions may not.

Plaintiffs' response brief ignores *Davis v. Detroit Financial Review Team, In re Bradley Estate*, MCL 691.1407(1)*,* and MCL 600.6304*,* the state laws used by the state courts to craft their decision in this case.   The Plaintiffs offer no explanation why the factual determinations and characterization of the debt by the State Courts should be discarded by this court.

The Plaintiffs argue that the State Courts 'should have' or 'meant to' hold the Debtor personally liable because he was associated with Charron & Hanisch, PLC ("C&H"), a company which subsequently became insolvent.  These arguments fail for the reasons identified in the

---

(2) In determining the percentages of fault under subsection (1)(b), the trier of fact shall consider both the nature of the conduct of each person at fault and the extent of the causal relation between the conduct and the damages claimed."

[3]A non-exclusive list of intentional torts exempt from discharge is summarized in *In re Musilli*, 2010 WL 2222806, 5 (C.A. 6 (Mich)): intentional infliction of emotional distress, malicious prosecution, conversion, assault, false arrest, intentional libel, and deliberate vandalization of property. .

4

Debtor's MSJ and in *In re Markowitz*, 190 F.3d 455, 461-462 (6th Cir.1999). In two separate actions and their subsequent appeals, the Plaintiffs unsuccessfully attempted to hold the Debtor personally liable for their alleged injuries; these arguments were rejected by the State Courts. Both prior proceedings culminated in valid, final judgments. The Plaintiffs are collaterally estopped from re-litigating these issues.

      All of the cases cited in Plaintiffs' response brief are distinguishable because they involve complainants who, unlike the Plaintiffs, suffered injuries that were caused by the debtor's conduct and the complainants were awarded compensation for such injuries: *In re Markowitz*, 190 F 3d 455 (6th Cir 1999), legal malpractice damages; *In re Musilli*, 2010 WL 2222806 (6th Cir 2010), the recovery of an unfunded escrow payment; *In re Behn*, 242 B.R. 229 (NY 1999), civil damages for harassment of women seeking abortion counseling; *In re Peckham* 442 B.R. 62 (Mass 2010), recovery of customer deposits for work represented to have been done but never completed; *In re Nicodemus*, 497 B.R. 852 (B.A.P. 6th Cir 2013), recovery of value of train collection and sanction for delay in failing to turn over; *Cohen v. de la Cruz*, 523 US. 213 (1998), rent charged in excess of local rent control ordinance and statutory treble damages; *In re Braun, 327 B. R. 447* (Bankr. N.D. Cal 2005), damages for copyright infringement, including statutory attorney fees; *In re Suarez*, 400 B.R. 732 (B.A.P. 9th Cir 2009), statutory attorney fees for intentional infliction of distress on new wife caused by former wife.[4] None of these cases dealt with the absence of personal injury or property damage, the issue present in this case. None of the cases involve Michigan jurisprudence post-*Davis* or post- *In re Bradley*, nor involve civil contempt sanctions calculated exclusively to

---

[4] These cases primarily dealt with the "willful" and "malicious" requirement under 11 U.S.C. § 523(a). This issue will be separately discussed in the Debtor's reply brief to Plaintiffs' Counter Motion for Summary Judgment.

penalize, rather than to compensate for tortious behavior. The principal issue in all of the cases cited by Plaintiffs was whether the injury the complainants suffered was caused by intentional and malicious behavior.

There is no genuine issue of fact or law that the Debtor is entitled to dismissal of the Plaintiffs' Complaint. The Award does not involve compensation for injury to the Plaintiffs or their stock interest because the Michigan Courts specifically held it does not. Collateral estoppel prevents the Plaintiffs from mischaracterizing the Award to be something other than a penalty, made payable to the Plaintiffs by the state courts. It is unnecessary to consider matters of intent and malice in the absence of an <u>injury</u> to another entity or the property of another entity. Congress did not exempt such a penalty from discharge under 11 USC 523(a)(7), and this Court should not exempt it from discharge under 11 USC 523(a)(6). The Debtor qualifies for a fresh start.

Respectfully submitted,

Dated: June 11, 2015

DUNN, SCHOUTEN & SNOAP PC
Attorneys for the Debtor David W. Charron

By: /s/ Perry G. Pastula
    Perry G. Pastula (P35588)
Business address:
    2745 DeHoop Ave SW
    Grand Rapids, MI  49509
    (616) 538-6380