UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

DAVID W. CHARRON,

     Debtor.

_____/

GLENN S. MORRIS and THE GLENN S.
MORRIS TRUST,

     Plaintiffs,

v.

DAVID W. CHARRON,

     Defendant.

_____/

Case No: BG 14-07970
Chapter 7

Adversary Proceeding
No. 15-80086

## MEMORANDUM OPINION DENYING DEBTOR-DEFENDANT'S MOTIONS TO AMEND THE COURT'S FINDINGS UNDER RULE 52, AMEND JUDGMENT UNDER RULE 59, AND FOR RECONSIDERATION UNDER RULE 60

Appearances:

Ronald A. Spinner, Esq., Detroit, Michigan, attorney for Glenn S. Morris and the Glenn S.
    Morris Trust, Plaintiffs.

Perry G. Pastula, Esq., Wyoming, Michigan, attorney for David W. Charron, Debtor-
    Defendant.

## I.    FACTS AND PROCEDURAL BACKGROUND.

On September 30, 2015, this Court entered an Opinion and Order Denying

Defendant's Motion for Summary Judgment and Granting Plaintiffs' Cross Motion for

Summary Judgment in the above-captioned adversary proceeding. (AP Dkt. Nos. 15 &

16.) In the Opinion and Order, this Court held that various factual findings made by the

Kent County Circuit Court when it imposed civil contempt sanctions against David W. Charron (the "Debtor") were entitled to preclusive effect in this adversary proceeding under the doctrine of collateral estoppel. Because those factual findings established that the Debtor's actions were "willful" and "malicious" and resulted in injury to the Plaintiffs or their property, this Court concluded that the state court contempt sanctions were nondischargeable in the Debtor's bankruptcy case pursuant to 11 U.S.C. § 523(a)(6).

On October 14, 2015, the Debtor filed his Motion to Amend the Court's Findings under Rule 52 and Amend Judgment under Rule 59. (AP Dkt. No. 17.) Glenn S. Morris and the Glenn S. Morris Trust (the "Plaintiffs") filed a response to the Debtor's Motion to Amend the Court's Findings under Rule 52 and Amend Judgment under Rule 59. (AP Dkt. No. 18.) On November 2, 2015, the Debtor filed his Motion for Reconsideration under Rule 60. (AP Dkt. No. 19.) The Plaintiffs filed a statement indicating that they would not file a substantive response to the Debtor's Rule 60 motion unless directed to do so by the Court. (AP Dkt. No. 20.) This memorandum opinion addresses the requests for relief asserted in both of the Debtor's motions.

II.    DISCUSSION.

A.  *Request for Additional Factual Findings – Rule 52.*

In his first request for relief, the Debtor asks this Court to make twenty-seven "additional fact findings for the purpose of assisting any future appellate review, and more fully depicting the facts of the case . . . ." See Debtor's Motion to Amend the Court's Findings under Rule 52 and Amend Judgment under Rule 59, AP Dkt. No. 17, at 2. The Debtor bases this request on Bankruptcy Rule 7052, which makes Federal Rule of Civil Procedure 52 applicable to adversary proceedings. Rule 52(b) provides:

> On a party's motion filed no later than [14] days after the entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly.  The motion may accompany a motion for a new trial under Rule 59.

Fed. R. Civ. P. 52(b); see also Fed. R. Bankr. P. 7052 (stating that motions under Rule 52(b) must be filed no later than 14 days after entry of judgment in bankruptcy adversary proceedings, rather than 28 days as provided in Rule 52(b)).

The main purpose of Rule 52(b) is "to create a record upon which the appellate court may obtain the necessary understanding of the issues to be determined on appeal." See In re St. Marie Development Corp. of Montana, Inc., 334 B.R. 663, 675 n.3 (Bankr. D. Mont. 2005); see also 9C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2582 (3d ed. 2015).  A motion to amend under Rule 52(b) may be used "to clarify essential findings or conclusions, correct errors of law or fact, or to present newly discovered evidence." 10 Collier on Bankruptcy ¶ 7052.03 (16th ed. 2015) (citing Wal-Mart Stores, Inc. v. El-Amin (In re El-Amin), 252 B.R. 652, 656 (Bankr. E.D. Va. 2000) (the purpose of the rule is to correct an "egregious error of law or fact, not the resubmission of unsuccessful arguments")) (additional citations omitted).  Rule 52(b) motions are not to be used to obtain a re-hearing on the merits or to raise arguments that could have been made before the court's earlier ruling.  In re Busch, 369 B.R. 614, 621 (Bankr. 10th Cir. 2007); Wilkerson v. Debaillon, 2013 WL 3803972 at *7 (W.D. La. July 18, 2013) (unpublished opinion); MidWestOne Bank & Trust v. Commercial Fed. Bank, 331 B.R. 802, 813 (S.D. Iowa 2005).  Most importantly for purposes of the motion currently before the Court, motions to amend factual findings under Rule 52(b) are generally not appropriate when the matter was decided on summary judgment, because summary judgment does not entail finding facts.  9C Federal Practice and Procedure at § 2582

(citing <u>Trentadue v. Integrity Committee</u>, 501 F.3d 1215, 1237 (10th Cir. 2007) (trial court did not abuse its discretion in denying motion for additional findings under Rule 52(b); the rule only applies to cases in which the trial court "issues factual findings following a trial on the merits" not those "terminated on summary judgment")); <u>Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.</u>, 680 F. Supp. 159, 161 (D.N.J. 1988) (the trial court "does *not* engage in fact-finding within the meaning of Fed. R. Civ. P. 52 on a motion for summary judgment;" accordingly, a motion for "amendment of findings made in connection with the summary judgment motion is procedurally inappropriate") (emphasis in original)) (additional citations omitted).

In this adversary proceeding, the Court's prior opinion and order were issued on cross motions for summary judgment.  Because this Court did not engage in fact-finding within the meaning of Rule 52 in deciding the motions for summary judgment, the Debtor's motion for additional findings under Rule 52(b) is procedurally inappropriate and shall be denied.  The Court has, however, considered the matters raised in the Debtor's Rule 52(b) motion in the context of Rule 59 and Rule 60.

B.   *Alteration or Amendment of the Judgment – Rule 59.*

The Debtor also asks this Court to amend its prior opinion and order under Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59.  Bankruptcy Rule 9023 makes Rule 59 applicable in bankruptcy cases.  Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than [14] days after the entry of the judgment."  Fed. R. Civ. P. 59(e); Fed. R. Bankr. P. 9023 (requiring motions to alter or amend to be filed "no later than 14 days after entry of judgment" in bankruptcy cases). The Debtor's request was timely filed.

4

Alteration or amendment of a judgment under Rule 59(e) is only justified in instances where there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.  See GenCorp. Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).  Motions for reconsideration are "not an opportunity to re-argue a case" and should not be used by the parties to "raise arguments which could, and should, have been made before judgment issued."  Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998); FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir.1992).

As noted above, the Court has considered the Debtor's requests to amend the Court's prior "factual findings" under the standard that applies to motions brought pursuant to Rule 59(e).  The issues raised in paragraphs one through twenty-seven of the Debtor's motion ask this Court to re-characterize its factual summary of the proceedings in the state trial and appellate courts, and to add additional "findings" based on the Debtor's view of the record in the state courts and in this adversary proceeding.  Amending the Court's prior opinion and order to reflect the changes sought by the Debtor would not clarify essential findings or conclusions, correct errors of law or fact, or address newly discovered evidence.  Accordingly, the Debtor's requests to alter or amend the judgment on these bases shall be denied.  In addition, the issues raised in paragraphs twenty-five and twenty-seven of the Debtor's motion were also argued in the Debtor's Rule 60 motion, and are addressed in that context.

The Court has also reviewed the requests for relief set forth in paragraphs one and two of the Debtor's Rule 59 motion in light of the state court record and the record in this adversary proceeding.  These paragraphs of the Debtor's motion ask this Court to change

two specific sentences in the prior opinion and order.  Those sentences summarized proceedings before the state trial court that led to entry and extension of the Injunctive Order that the Debtor was ultimately found to have violated.  The Debtor offers no newly-discovered evidence in support of these requests, and does not argue that there has been an intervening change in controlling law since entry of this Court's prior opinion and order. The Debtor's motion also fails to demonstrate that a clear error of law has been committed or that the language in the prior opinion must be set aside to avoid manifest injustice. Therefore, the Debtor's motion to alter or amend these portions of the Court's previous opinion shall be denied.

The relief requested in the third paragraph of the Debtor's Rule 59(e) motion – i.e., that the Court clarify the basis for the state trial court's contempt award – was also raised in the Debtor's motion to reconsider under Rule 60 and is addressed in that context below.

C. _Motion for Relief from Judgment or Order – Rule 60_.

In his second motion, filed with the Court on November 2, 2015, the Debtor requests that the Court reconsider its prior opinion and order under Federal Rule of Bankruptcy Procedure 9024, which makes Federal Rule of Civil Procedure 60 applicable to bankruptcy cases.  The Debtor's motion to reconsider is specifically brought pursuant to Rule 60(b)(1) which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . ."  Fed. R. Civ. P. 60(b)(1).  The Sixth Circuit Court of Appeals has explained that a motion under Rule 60(b)(1) is "'intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when

6

the judge has made a substantive mistake of law or fact in the final judgment or order.'" Cacevic v. City of Hazel Park, 226 F.3d 483, 490 (6th Cir. 2000) (quoting Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir.1999)); see also Bank of California, N.A. v. Arthur Andersen & Co., 709 F.2d 1174, 1177 (7th Cir.1983) ("Rule 60(b)(1) is intended to allow clear errors to be corrected without the cost and delay of an appeal.").

First, the Debtor's motion for reconsideration argues that this Court's prior opinion ignored the significance of the state trial court's dismissal of the fraudulent conveyance claim brought by the Plaintiffs against the Debtor.  This Court disagrees.  The basis of this Court's nondischargeability determination was the state court's finding that the Debtor acted in contempt of the Injunctive Order and was therefore responsible for $363,506.77 in attorney fees and costs that were incurred by the Plaintiffs in connection with the contempt proceedings.  As explained in this Court's opinion, this finding of civil contempt and award of damages was entirely separate and distinct from the state court's determination that the Debtor was entitled to summary judgment on the fraudulent conveyance claims against him.  See Opinion Denying Defendant's Motion for Summary Judgment and Granting Plaintiff's Cross Motion for Summary Judgment, AP Dkt. No. 15 at 24.

Second, the Debtor argues that this Court was mistaken when it concluded that the trial court awarded damages pursuant to Mich. Comp. Laws § 600.1721 instead of through its inherent contempt power.  In support of this argument, the Debtor cites a passage in the Michigan Court of Appeals' opinion which quotes In re Bradley Estate, 835 N.W.2d 545, 494 Mich. 367 (2013) and deems the Debtor's reliance on that case "unavailing, based on our Supreme Court's limitation regarding the use of this decision."

See Michigan Court of Appeals Opinion at 19 (attached as Exh. H to Defendant's Motion for Summary Judgment, AP Dkt. No. 4) (quoting In re Bradley Estate, and noting that the decision in that case distinguished between contempt actions "premised in tort liability" and those "involving a trial court's 'inherent power to punish contempt'").  The Court of Appeals made this statement in the portion of its opinion that considered – and rejected – the Debtor's argument that the trial court had erred by failing to allocate liability for the contempt sanctions under MCL § 600.2957.[1]

This Court has again reviewed the opinions of the state trial court and the Michigan Court of Appeals and believes that the contempt sanctions were accurately characterized in this Court's prior opinion.  In support of its authority to impose the contempt sanctions, the trial court cited MCL § 600.1721, In re Contempt of Auto Club Ins. Ass'n, 624 N.W.2d 443, 450-51, 243 Mich. App. 697, 708 (2000) (stating that the courts' power to award contempt sanctions includes the ability to "compensate the complainant;" and further noting that the inherent power of courts to punish contempt has been "reinforced" by the enactment of statutes, including the "general contempt statute," MCL § 600.1701) and Davis v. Detroit Financial Review Team, 821 N.W.2d 896, 925, 296 Mich. App. 568, 626, (2012) (explaining that "coercion to force compliance with a court order and compensatory relief for a complainant are both appropriate potential sanctions for civil contempt").  See

---

[1]    On appeal, as well as in motions for reconsideration and for a new trial in the trial court, the Debtor argued that the contempt sanctions had been imposed pursuant to MCL § 600.1721. The Debtor also argued that based on the Michigan Supreme Court's decision in In re Bradley Estate, 835 N.W.2d 545, 494 Mich. 367 (2013), which held that civil contempt proceedings for "indemnification damages under MCL 600.1721 [seek] to impose tort liability" for purposes of the Government Tort Liability Act, the contempt sanctions should have been allocated among the parties at fault under MCL § 600.2957.  The trial court rejected this argument, and the Michigan Court of Appeals affirmed the trial court's determination.

Kent Court Circuit Court Opinion and Order Setting Forth Findings of Civil Contempt at 16, 21 (attached as Exh. B to Defendant's Motion for Summary Judgment, AP Dkt. No. 4.)   The Court of Appeals affirmed the trial court's determination of contempt, its imposition of sanctions against the Debtor, and its refusal to allocate those sanctions under MCL § 600.2957.   It held that the sanctions imposed by the trial court, which represented "compensation for the loss flowing from the alleged violation of the [Injunctive Order]" were appropriate and "consistent with the purpose of civil contempt proceedings." See Michigan Court of Appeals Opinion at 15-16 (citing In re Contempt of Dougherty, 413 N.W.2d 392, 396, 429 Mich. 81, 92-93 (1987)).

Based on the totality of the state court record, the trial court's authority to award the contempt sanctions and the purpose for which they were awarded is entirely evident. The distinction the Debtor attempts to draw between the state court's statutory and inherent contempt powers would not materially affect this Court's nondischargeable debt determination.   Accordingly, the Debtor's motion to reconsider this issue is denied.

Finally, the Debtor argues that this Court created an "unexpected change of course" when it found that the Debtor's conduct resulted in an injury to the Plaintiffs' "person," rather than to the Plaintiffs' property, thereby "transform[ing] the 'debt' represented by the contempt award into the 'injury' suffered by the Plaintiffs."   See Debtor's Motion for Reconsideration under Rule 60, AP Dkt. No. 19 at 12-13.   The Debtor's argument not only mischaracterizes the record in this adversary proceeding and the conclusions in this Court's prior ruling, but also attempts to draw another distinction without a difference.   The basis of the Plaintiffs' complaint, as well as its cross motion for summary judgment, was that the debt to the Plaintiffs should be nondischargeable under

9

11 U.S.C. § 523(a)(6).  Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."  The nature of the "injury" suffered by the Plaintiffs as a result of the Debtor's contemptuous conduct was identified and directly addressed in the Plaintiffs' complaint and cross motion for summary judgment.[2]  The Debtor had ample opportunity to respond to the Plaintiffs' allegations and to argue the legal issues presented.[3]  The issues regarding the alleged "injury" were also argued, in some detail, during oral argument on the summary judgment

---

[2]      In paragraph 95 and 96 of their complaint, the Plaintiffs allege:

95.  Charron realized that it was substantially certain that Morris would incur litigation costs as a result of Charron's and C&H's transfer of MSG's assets to NYPIA in violation of the [Injunctive] Order.

96.  Charron willfully and maliciously caused injury to Morris's property by forcing Morris to incur litigation costs which would have been unnecessary by for Charron's actions in violation of the [Injunctive] Order.

See Plaintiffs' Complaint Objecting to Discharge, AP Dkt. No. 1, at ¶ 95-96.  In both his motion for summary judgment and his motion for reconsideration, the Debtor argues that the only "injury" alleged in the Plaintiffs' complaint was to its property interest in the MSG stock.  To support this assertion, the Debtor cites to the Plaintiffs' complaint, but omits these critical paragraphs.  See Debtor's Motion for Summary Judgment, AP Dkt. No. 4, at 8; Debtor's Motion for Reconsideration under Rule 60, AP Dkt. No. 19, at 12; see also Debtor's Motion for Amended Findings and to Amend Judgment, AP Dkt. No. 17, at 9.
        The Plaintiffs also addressed the "injury" caused by the Debtor's violation of the Injunctive Order in a subsection of their summary judgment brief entitled "Debts that are non-dischargeable under 11 U.S.C. § 523(a)(6) include 'any liability arising' from the prohibited conduct."  See Plaintiffs' Brief in Support of Cross-Motion for Summary Judgment, AP Dkt. No. 6, at 8-9.

[3]      The Debtor raised arguments about the alleged lack of an "injury" to the Plaintiffs or their property in his motion for summary judgment and in his response to the Plaintiffs' motion.  See, e.g., Debtor's Motion for Summary Judgment, AP Dkt. No. 4, at 1 n.3 (acknowledging that the state trial court stated that the $363,506.77 contempt sanction represented "a compensatory award of attorney fees, other costs, or both, that Plaintiff Glenn Morris incurred in pursuing civil contempt against the Debtor"); Debtor's Reply to Counter-Motion for Summary Judgment and Memorandum in Support Thereof, AP Dkt. No. 13, at 13 (arguing that the Plaintiffs' motion for summary judgment "fails for the same reason stated in the Debtor's summary judgment motion, namely, the [Kent County] Circuit Court held that the Award does not represent compensation for *injury to the Plaintiffs or their property*") (emphasis added).

motions.[4]  This Court's opinion was based on the entire summary judgment record before it, and included a thorough analysis of the "injury" sustained as a result of the Debtor's contempt.   The Debtor's motion merely re-states arguments that were previously considered by this Court.  The Debtor has not established a basis for reconsideration of the Court's prior findings of fact and conclusions of law on this issue.

III.   <u>CONCLUSION</u>.

For the reasons set forth herein, the Debtor's Motion to Amend the Court's Findings under Rule 52 and Amend Judgment under Rule 59 is denied.  The Debtor's Motion for Reconsideration under Rule 60 is also denied.  Separate orders shall be entered accordingly.

---

[4]    <u>See</u> Transcript of July 8, 2015, ~~Cross Motions for Summary Judgment, AP~~

IT IS SO ORDERED.

Dated November 25, 2015

James W. Boyd
United States Bankruptcy Judge