UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

DAVID W. CHARRON,

    Debtor.
_____/

Case No: BG 14-07970
Chapter 7

GLENN S. MORRIS and THE GLENN S.
MORRIS TRUST,

    Plaintiffs,

v.

DAVID W. CHARRON,

    Defendant.
_____/

Adversary Proceeding
No. 15-80086

## DESIGNATION OF RECORD AND ISSUES ON APPEAL

The Debtor/Defendant/Appellant David W. Charron, by counsel, hereby specifies and designates the following record and issues on appeal, as required by Fed. R. Bankr. P. 8006:

    **(a)**    **Designation of Items to be Included in Record**

| | | |
|---|---|---|
| Docket #1 | 04/10/2015 | Adversary case 15-80086. 68 Complaint by Glenn S. Morris, The Glenn S. Morris Trust against David W. Charron. (Attachments: # 1 Exhibits A-H) |
| Docket #4 | 5/13/2015 | Motion For Summary Judgment and Memorandum in Support Thereof Filed by Defendant David W. Charron (Attachments: # 1 Exhibits A, B, C # 2 Exhibits D, E, F # 3 Exhibit G # 4 Exhibit H #5 Exhibit I # 6 Exhibit J # 7 Exhibit K # 8 Exhibit L) |
| Docket #6 | 05/29/2015 | Motion For Summary Judgment Glenn S. Morris Cross-Motion For Summary Judgment and Brief In Support Filed by Plaintiffs Glenn S. Morris, The Glenn S. Morris Trust |
| Docket #7 | 05/29/2015 | Response to Motion for Summary Judgment, Filed by Plaintiffs Glenn S. Morris, The Glenn S. Morris Trust |

| | | |
|---|---|---|
| Docket #8 | 05/29/2015 | Order Scheduling Hearing on Motion for Summary Judgment and Requiring Response by Date Certain. Hearing scheduled for 7/8/2015 at 11:00 AM at Judge Boyd Courtroom |
| Docket #10 | 06/11/2015 | Defendant's Reply Brief to Plaintiffs Response to Motion For Summary Judgment and Memorandum in Support Thereof). Filed by Defendant David W. Charron |
| Docket #11 | 06/11/2015 | Response to Motion for Summary Judgment) Filed by Defendant David W. Charron |
| Docket #12 | 06/23/2015 | Order Scheduling Hearing on Cross 6 Motion for Summary Judgment and Requiring Response By Date Certain. Hearing scheduled for 7/8/2015 at 11:00 AM at Judge Boyd Courtroom |
| Docket #13 | 07/02/2015 | Brief in Support of Motion For Summary Judgment Glenn S. Morris Cross-Motion For Summary Judgment and Brief In Support). (Attachments: # 1 Exhibit -Exhibit A # 2 Exhibit 1 # 3 Exhibit 2 # 4 Exhibit 3 # 5 Exhibit 4 # 6 Exhibit 5 # 7 Exhibit 6 # 8 Exhibit 7 # 9 Exhibit 8 # 10 Exhibit 9 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 14 # 14 Exhibit 15 # 15 Exhibit 16 # 16 Exhibit 17 # 17 Exhibit 18 # 18 Exhibit 19 # 19 Exhibit 20 # 20 Exhibit 21 # 21 Exhibit 22 # 22 Exhibit 23 # 23 Exhibit 24 # 24 Exhibit 25 # 25 Exhibit 26 # 26 Exhibit 27) |
| Docket #14 | 07/08/2015 | Transcript regarding Hearing Held 07/08/15 re Motion for Summary Judgment filed by Defendant David W. Charron) and Cross Motion for Summary Judgment filed by Plaintiff Glenn S. Morris, Plaintiff The Glenn S. Morris Trust). |
| Docket #15 | 09/30/2015 | Opinion Denying Defendant's Motion for Summary Judgment and Granting Plaintiffs' Cross Motion for Summary Judgment. |
| Docket #16 | 09/30/2015 | Order Denying Defendant's Motion for Summary Judgment and Granting Plaintiffs' Cross Motion for Summary Judgment |
| Docket #17 | 10/14/2015 | Motion to Amend and Make Additional Findings filed by Defendant David W. Charron |
| Docket #18 | 10/28/2015 | Response to Motion to Reconsider, Reinstate, Vacate, Set Aside or Revoke) Filed by Plaintiffs Glenn S. Morris, The Glenn S. Morris Trust |
| Docket #19 | 11/02/2015 | Motion to Reconsider, Set Aside and Vacate Opinion and Order Denying Defendant's Motion for Summary Judgment and Granting Plaintiffs' Cross-Motion for Summary Judgment filed by Defendant David W. Charron |

| | | |
|---|---|---|
| Docket #20 | 11/06/2015 | Response to Motion to Reconsider, Reinstate, Vacate, Set Aside or Revoke) Filed by Plaintiff Glenn S. Morris |
| Docket #21 | 11/25/2015 | Memorandum Opinion Denying Debtor-Defendant's Motion to Amend the Court's Findings Under Rule 52, Amend Judgment Under Rule 59, and for Reconsideration Under Rule 60. |
| Docket #22 | 11/25/2015 | Order Denying Debtor-Defendant's Motion To Amend the Court's Findings Under Rule 52 and Amend Judgment Under Rule 59. |
| Docket #23 | 11/25/2015 | Order Denying Debtor-Defendant's Motion for Reconsideration Under Rule 60. |
| Docket | 11/30/2015 | Corrective Entry to revise Opinion to reflect the full footnote on page 11. |
| Docket #24 | 12/08/2015 | Notice of Appeal and Statement of Election to District Court. filed by Defendant David W. Charron. |
| Docket #45 | 12/10/2015 | Clerk's Notice Regarding Record on Appeal with Certificate of Mailing. (RE: related document(s) 24 Notice of Appeal and Statement of Election filed by Defendant David W. Charron) |

(b)   **Designation of Issues on Appeal**

1. Whether a 2009 Kent County Circuit Court judgment which dismissed all of the Plaintiffs' claims against the Defendant for injury to persons or damage to property arising from the sale of assets of Morris Schnoor & Gremel, Inc. ("MSG") is dispositive of Plaintiffs' non-dischargeability complaint which was premised upon the same transaction or occurrence?

2. Whether a 2011 award of attorneys fees and costs against the Defendant under the holding of *Davis v. Detroit Financial Review* Board[1] represented a reward to the Plaintiffs for their assistance to the trial court, rather than compensation for personal injury to Plaintiffs or damage to their property?

3. Whether the bankruptcy court erred by ignoring the Michigan Court of Appeal's ruling that the contempt award against the Defendant did not represent compensation to the Plaintiffs for personal injury or property damage?

4. Whether a non-dischargeable debt must be a "debt as a result of", a "debt with respect to", or a "debt by reason of" a willful and malicious injury in order to be non-dischargeable under 11 U.S.C. § 523 (a)(6)?

---

[1] *Davis v. Detroit Financial Review Team*, 296 Mich App 568, 821 NW 2d 896 (2012).

5. Whether a judgment debt is exempt from discharge in bankruptcy when it is not based on what the law has for generations called an intentional tort, a legal category that is based on "the consequences of the act rather than the act itself"?

6. Whether non-dischargeability under 11 U.S.C. § 523 (a)(6) requires a deliberate or intentional injury, and not merely a deliberative or intentional act that leads to injury, such as the violation of an injunction?

7. Whether a bankruptcy court may make a factual determination of the Defendant's "willful and malicious" conduct under 11 U.S.C. § 523 (a)(6) and F.R. Civ P 56 when the trial court which rendered the award made no determination of malice and the Defendant disputes with admissible evidence that he targeted the Plaintiffs or their property for harm?

8. Whether a bankruptcy court may imply malice from the violation of an injunction issued in a state court proceeding when the Defendant was not a party to the proceeding where the injunction arose?

9. Whether a bankruptcy court may imply malice from the violation of an injunction issued in a state court proceeding when the Defendant was not restrained by name in the injunction, nor warned or advised that the injunctive order was applicable to him or his law firm?

10. Whether a bankruptcy court may imply malice from a violation of a "no asset transfer order" issued in a state court proceeding when the Plaintiffs held no ownership interest or security interest in the asset transferred, and the Plaintiffs were not creditors of the corporation whose assets were restrained, at time of the transfer or at any prior time?

11. Whether a bankruptcy court may imply malice from the violation of an injunction issued in a state court proceeding when the proceeding was irregular and the process differed substantively from, and provided less due process than what a federal proceeding under F.R. Civ P 65 would have provided?

12. Whether the bankruptcy court erred in granting relief to Plaintiffs on the basis of a claim the Plaintiffs did not plead or raise in their cross motion for summary judgment when disposing of the parties' motions premised upon F.R. Civ P 65?

Dated: December 21, 2015

/s/ Perry G. Pastula
Perry G. Pastula ( P35588)
Dunn, Schouten & Snoap, PC
Attorneys for David W. Charron
2745 DeHoop Ave SW
Wyoming, MI 49509
(616) 538-6380